1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:15-mj-00089-SKO |
| Plaintiff, | MEMORANDUM AND ORDER CERTIFYING EXTRADITABILITY |
| v. | |
| JESUS FLORES BUENROSTRO, | |
| Defendant. | |

### I.

### INTRODUCTION

The United Mexican States has requested extradition of Jesus Flores Buenrostro, also known as El Trucos (hereafter "Buenrostro" or "Fugitive") pursuant to the Extradition Treaty between the United States of America and Mexico, signed at Mexico City on May 4, 1978 and entered into force on January 25, 1980.  Mexico-United States Extradition Treaty, T.I.A.S. No. 9656, 1980 WL 309106 (Jan. 25, 1980), attached as ECF No. 18-3.

On April 30, 2007, two witnesses observed Jesus Flores Buenrostro shoot Miguel Angel Suarez Andrade.  An autopsy was performed on Suarez Andrade on May 1, 2007.  (ECF No. 18-2 at 56-57.)   The forensic expert concluded that Suarez Andrade's death was caused by a hypovolemic shock secondary to firearm projectile penetration to the thoracic cavity which penetrated the heart cavities.  (ECF No. 18-2 at 60-62.)

1    On May 2, 2007, Rogelio Rivas Cervantes and Antonio Ordaz Alvarado gave statements

2 to the Public Prosecutor stating they saw Buenrostro fire a gun in the direction of a man and that

3 they heard two shots.  (Public Prosecutor's Statement of the Accused Rogelio Rivas Cervantes

4 (a.k.a.) "Tellin" Rivas, ECF 18-2 at 42; Statement of the Accused Antonio Ordaz Alvarado

5 A.K.A. "El Borrego", ECF No 18-2 at 48.)  Cervantes stated that he saw a man on the ground

6 after Buenrostro fired his shots.  (ECF No. 18-2 at 42.)  Rivas Cervantes identified Buenrostro

7 from a photo line-up as the man who killed Suarez Andrade.  (ECF No. 18-2 at 64-67.)

8    Based on evidence collected during the investigation of the homicide, on May 31, 2007,

9 the Judge of First Instance in Criminal Matters for the Judicial District of Sahuayo de Morelos,

10 Michoacan, issued an arrest warrant for Buenrostro, charging him with homicide which is

11 punishable by 15 to 30 years of imprisonment.  (ECF Nos. 18-2 at 17-34, 37.)

12    On May 11, 2015, the United States Department of State received a formal request for the

13 extradition of Buenrostro.  (ECF No. 18-1 at 5-11.)

14    Following the filing of a complaint against Buenrostro an arrest warrant issued, and he

15 was arrested in the United States on July 6, 2015.  (ECF No. 12.)  After several continuances to

16 allow Defendant to receive discovery, an extradition hearing was held before the undersigned on

17 September 16, 2015.  (ECF No. 15.)  On November 10, 2015, Plaintiff filed a memorandum in

18 support of extradition and a formal extradition package and Defendant filed a notice that he

19 would not be filing briefing on the request for extradition.  (ECF No. 16, 18, 19.)  A status

20 conference re the extradition hearing was held on December 9, 2015, and the matter was

21 submitted.  (ECF No. 21.)

## II.

## LEGAL STANDARD

24    "Extradition from the United States is governed by 18 U.S.C. section 3184, which

25 confers jurisdiction on 'any justice or judge of the United States, or any magistrate judge

26 authorized so to do by a court of the United States' to conduct an extradition hearing under the

27 relevant extradition treaty between the United States and the requesting nation, and to issue a

28 certification of extraditability to the Secretary of State.' "  In re Extradition of Santos, 795 F.

1  Supp. 2d 966, 969 (C.D. Cal. 2011).  The judge or magistrate is to hold a hearing to determine

2  "whether (1) the crime is extraditable; and (2) there is probable cause to sustain the charge."

3  Prasoprat v. Benov, 421 F.3d 1009, 1012 (9th Cir. 2005).  If the judge or magistrate "deems the

4  evidence sufficient to sustain the charge under the provisions of the proper treaty or convention,

5  or under section 3181(b), he shall certify the same, together with a copy of all the testimony

6  taken before him. . . ."  18 U.S.C. § 3184.

7
8
9
10
11
12
13
14

> To obtain a certification of extraditability on behalf of a requesting state, the United States has the burden of demonstrating each of the following elements: (1) the court possesses subject matter jurisdiction to conduct extradition proceedings; (2) the court possesses personal jurisdiction over the person named in the extradition request; (3) a valid extradition treaty exists between the requesting state and the United States; (4) the extradition treaty between the requesting state and the United States is, and at all relevant times has been, in full force and effect; (5) the person named in the extradition request is charged with having committed a criminal offense within the jurisdiction of the requesting state; (6) the charged offense is extraditable under the relevant extradition treaty (that is, the offense charged falls within the terms of the relevant extradition treaty); (7) the person named in the extradition request is the person arrested and brought before the court; and (8) there is competent evidence establishing probable cause to believe that the person named in the extradition request committed the charged offense.

In re Extradition of Santos, 795 F. Supp. 2d at 969-70.

15
16
17

### III.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING EXTRADITABILITY**

18  Having held an extradition hearing on December 9, 2015, and after considering the

19  evidence, in particular, the certified and authenticated documents submitted by the Government

20  of Mexico, and the pleadings and the arguments of both counsel, the Court makes the following

21  findings of fact and conclusions of law regarding extradictability.

22  1.  This Court has jurisdiction over, and the undersigned is authorized to conduct,

23  extradition proceedings pursuant to Title 18 U.S.C. § 3184 and Local Rule 302(b)(8);

24  2.  This Court has personal jurisdiction over Jesus Flores Buenrostro found and

25  arrested on July 6, 2015, in this District pursuant to a complaint filed by the United States in

26  response to the request of Government of Mexico for the arrest and extradition of the Fugitive;

27  3.  The extradition treaty between the United States and the Government of Mexico,

28  31 U.S.T. 5059, TIAS 9656, ("Treaty") entered into force on May 4, 1978, and was in full force

and effect at all times relevant to this action;

4.    The Jesus Flores Buenrostro, Aka "El Trucos" sought by the Mexican authorities and the Jesus Flores Buenrostro, Aka "El Trucos" arrested in this District for extradition and brought before this Court are one and the same person;

5.    The Fugitive has been charged in Mexico with homicide.  The Government of Mexico has jurisdiction over this criminal conduct;

6.    The above referenced Treaty between the United States and Mexico, pursuant to Article 2, encompasses the offenses for which the Fugitive has been charged and for which extradition is sought for trial;

7.    The Government of Mexico submitted documents that were properly authenticated and certified in accordance with Title 18 U.S.C. § 3190, in accordance with the terms of the Treaty.  Those documents include the pertinent text for the crime with which the Fugitive has been charged;

8.    There is probable cause to believe that the Fugitive before this Court, the same person identified in the extradition request from the Government of Mexico, committed the offense for which extradition is sought;

9.    The evidence before this Court is sufficient to justify the Fugitive's committal for trial, on felony charges, had the offense with which he is accused of having committed occurred in the United States.  This finding rests upon the documents submitted by the Government of Mexico in this matter.

## IV.

## CERTIFICATION AND COMMITTAL FOR EXTRADITION

Pursuant to 18 U.S.C. § 3184, the Court certifies to the Secretary of the United States of America that Jesus Flores Buenrostro, Aka "El Trucos," is extraditable to Mexico on the offense of homicide as described in the government's extradition request.  Jesus Flores Buenrostro is committed to the custody of the United States Marshal pending further decision on extradition and surrender by the Secretary of State pursuant to 18 U.S.C. § 3186.  The Clerk of the Court is directed to forward a certified copy of this Certification and Committal for Extradition, together

with a copy of the evidence presented in this case, including the formal extradition documents received in evidence, to the Secretary of State.

IT IS SO ORDERED.

Dated:   **December 14, 2015**

UNITED STATES MAGISTRATE JUDGE